IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MCKINNEY/PEARL RESTAURANT PARTNERS, L.P., | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2498-B |
| METROPOLITAN LIFE INSURANCE COMPANY, CBRE, INC., and MCPP 2100 MCKINNEY, LLC, | § § § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**[1]

Defendants Metropolitan Life Insurance Company ("MetLife"), CBRE, Inc. ("CBRE"), and MCPP 2100 McKinney, LLC ( collectively, "Defendants") have filed a Motion to Enforce Judge Horan's May 25, 2016 Order [Dkt. No. 211] (the "Motion to Enforce"), asserting that Plaintiff McKinney/Pearl Restaurant Partners, L.P. d/b/a Sambuca ("Plaintiff" or "Sambuca") failed to comply with the Court's order requiring Sambuca to amend its answers to four interrogatories and asking the Court to, pursuant to Federal Rule of Civil Procedure 37(b)(2), (1) either prohibit Sambuca from introducing evidence or argument at trial that it lost business specifically because of

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

structural defects, plumbing problems, or odors or order Sambuca to properly answer the interrogatories and (2) order Sambuca to pay Defendants' reasonable costs and attorneys' fees incurred in connection with the Motion to Enforce.

United States District Judge Jane J. Boyle referred the motion to the undersigned United States magistrate judge. *See* Dkt. No. 259.

Sambuca filed a response, *see* Dkt. No. 225, and Defendants filed a reply, *see* Dkt. No. 230.

For the reasons explained below, the Court DENIES Defendants' Motion to Enforce Judge Horan's May 25, 2016 Order [Dkt. No. 211]. *See generally Brown v. Bridges*, No. 3:12-cv-4947-P, 2015 WL 410062, at *1-*4 (N.D. Tex. Jan. 30, 2015) (explaining that, when a district judge refers a motion for sanctions to a magistrate judge, the sanction chosen by the magistrate judge, rather than the sanction sought by the party, governs the determination of whether Federal Rule of Civil Procedure 72(a) or 72(b) applies and that, when the magistrate judge finds that dismissal or another sanction disposing of a claim or defense in unwarranted, the motions should be characterized as non-dispositive and may be ruled on by the magistrate judge); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam) (a magistrate judge has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37).

## Background

The background and allegations in this case are familiar to the parties and will not be recounted here. The Court's May 25, 2016 Memorandum Opinion and Order

[Dkt. No. 189] granted Defendant's Second Motion to Compel [Dkt. No. 150] in part and, as relevant here, as to CBRE's First Interrogatory Nos. 3, 4, 5, and 7:

- CBRE's First Interrogatory No. 3: Identify all of the reasons you did not admit Request for Admission No. 1 in MetLife's Third Set, and identify all documents that reflect Sambuca's lost business due specifically to structural defects.

- CBRE's First Interrogatory No. 4: Identify all of the reasons you did not admit Request for Admission No. 2 in MetLife's Third Set, and identify all documents that reflect Sambuca's lost business due specifically to plumbing problems.

- CBRE's First Interrogatory No. 5: Identify all of the reasons you did not admit Request for Admission No. 3 in MetLife's Third Set, and identify all documents that reflect Sambuca's lost business due specifically to odors.

- CBRE's First Interrogatory No. 7: Identify all of the reasons you did not admit Requests for Admission Nos. 9-17 in MetLife's Third Set, and identify all documents that reflect staff turnover, staff complaints, or increased labor costs specifically attributable to structural defects, plumbing problems, or odors.

As to these interrogatories, "the Court determine[d] that Plaintiff's pointing Defendants generally to document productions and expert reports does not properly invoke [Federal Rule of Civil Procedure] 33(d), and Plaintiff will be required to amend its answers to Interrogatory Nos. 3, 4, 5, 6, and 7 to point to specific documents, by name or bates number, that, in Plaintiff's view, form the basis for Plaintiff's denial of the requests for admission at issue." Dkt. No. 189 at 22-23. "The Court determine[d] that these are not impermissible requests to require Plaintiff to marshal its evidence for trial and overrules Plaintiff's objections to these interrogatories." *Id.* at 23.

The requests for admission at issues in these interrogatories are as follows:

- Request for Admission No. 1: Admit that Sambuca has no documents that reflect lost business due specifically to structural defects.

- Request for Admission No. 2: Admit that Sambuca has no documents that reflect lost business due specifically to plumbing problems.

- Request for Admission No. 3: Admit that Sambuca has no documents that reflect lost business due specifically to odors.

- Request for Admission No. 9: Admit that Sambuca has no documents that reflect staff turnover due specifically to structural defects.

- Request for Admission No. 10: Admit that Sambuca has no documents that reflect staff turnover due specifically to plumbing problems.

- Request for Admission No. 11: Admit that Sambuca has no documents that reflect staff turnover due specifically to odors.

- Request for Admission No. 12: Admit that Sambuca has no documents that reflect staff complaints about structural defects.

- Request for Admission No. 13: Admit that Sambuca has no documents that reflect staff complaints about plumbing problems.

- Request for Admission No. 14: Admit that Sambuca has no documents that reflect staff complaints about odors.

- Request for Admission No. 15: Admit that Sambuca has no documents that reflect the labor costs incurred to specifically address structural defects.

- Request for Admission No. 16: Admit that Sambuca has no documents that reflect the labor costs incurred to specifically address plumbing problems.

- Request for Admission No. 17: Admit that Sambuca has no documents that reflect the labor costs incurred to specifically address odors.

Sambuca simply denied each of the requests for admission at issue. *See* Dkt. No. 144 at App. 105-06.

**Legal Standards**

Federal Rule of Civil Procedure 37(b)(2)(A) provides that, "[i]f a party ... fails to obey an order to provide or permit discovery ... the court where the action is pending

may issue further just orders," including, among other sanctions, directing that matters embraced in the order or other designated facts be taken as true, prohibiting the disobedient party from introducing designated matters in evidence, and/or staying further proceedings until the order is obeyed. FED. R. CIV. P. 37(b)(2)(A)(i)-(vi). "Instead of or in addition to the orders above, the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C).

Sanctions available under Rule 37(b) are appropriate where there is willful disobedience or gross indifference but not where failure to comply was outside the party's control. *See Dorsey v. Acad. Moving & Storage, Inc.*, 423 F.2d 858, 860 (5th Cir. 1970). "The primary purpose of sanctions is to deter frivolous litigation and abusive tactics." *Topalian v. Ehrman*, 84 F.3d 433, No. 94-20567, 1996 WL 248995, at *4 (5th Cir. Apr.12, 1996). Rule 37(b) "is designed to empower the court to compel production of evidence by the imposition of reasonable sanctions." *Dorsey*, 423 F.2d at 860. "Sanctions under Rule 37 serve the dual function of reimbursing the moving party and deterring the violator of the discovery orders (as well as other potential violators)." *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986). The sanction imposed must be "the least severe sanction adequate to achieve the desired result." *Scaife v. Associated Air Ctr. Inc.*, 100 F.3d 406, 412 (5th Cir. 1996).

## Analysis

In the Motion to Enforce, Defendants complain that, in amending its answers to Interrogatory Nos. 3, 4, 5, 6, and 7, Sambuca identified over 5,000 documents in its answers to some of the interrogatories, including many documents that plainly have nothing to due with structural defects or plumbing problems, and apparently identified every document in its production that it believes may be relevant in any way to the damages model that it intends to offer at trial to seek an award of lost profits. Defendants contend that this is not what the interrogatories requested or what the Court ordered and that Sambuca made no effort to identify documents showing lost business specifically due to structural defects, plumbing problems, or odors.

Sambuca responds that Defendants appear to argue that Sambuca failed to comply with the Court's order simply because Defendants want different answers or answers to different interrogatories. According to Sambuca, Interrogatory Nos. 3, 4, 5, 6, and 7 each ask Sambuca to identify (1) all of the reasons that it did not admit one or more requests for admission and (2) all documents reflecting the subject of the referenced requests for admission. Sambuca contends that, in response to the Court's order, it specifically identified documents by bates number that form the basis for Sambuca's denial of the referenced requests for admission.

Sambuca asserts that the Court ordered it to point to more than categories of documents but to specific documents by bates number that in Plaintiff's view form the basis for its denial of the requests for admission at issue and that that is precisely what Sambuca did. Sambuca argues that the interrogatories in question do not seek

documents that mention or refer to structural defects, plumbing problems, or odors but rather ask Sambuca to identify all of the reasons that it did not admit one or more requests for admission and to identify all documents reflecting the subject of the referenced requests for admission.

Additionally, treating the Motion to Enforce as a motion to compel, Sambuca requests that the Court order Defendants to pay Sambuca's costs and attorneys' fees incurred in responding to the motion pursuant to Federal Rule of Civil Procedure 37(a)(5).

Defendants reply that the Court's order required Sambuca to identify, in response to Defendants' interrogatories, document showing losses specifically due to structural defects and plumbing problems. Defendants contend that the subject of the Motion to Enforce is four simple interrogatories that ask Sambuca to (1) state the reasons Sambuca did not admit certain requests for admission and (2) identify all documents that reflect Sambuca's lost business due specifically to structural defects, plumbing problems, or odors and that Defendants intentionally included the word "specifically" after anticipating the argument that Sambuca has relied on throughout this case that all of its losses are attributable to building defects. According to Defendants, by using the word "specifically," Defendants' interrogatories requested proof of any lost business that could be directly linked to the building issues about which Sambuca complains.

Defendants reply that Sambuca's reading of the interrogatories as merely asking Sambuca to identify all documents reflecting the subject of the referenced requests for

admission has no basis in reality, where, although the first clause of each interrogatory refers to requests for admission, the second clause asks Sambuca to "identify all documents that reflect Sambuca's lost business due specifically to [structural defects/plumbing problems/odors]."

Defendant urge the Court to preclude Sambuca from introducing evidence under Rule 37(b)(2)(A)(ii) or, alternatively, order Sambuca to answer the interrogatories by identifying documents that show lost business and staff turnover due specifically to structural defects, plumbing problems, or odors and explaining how each identified document relates to the building defects at issue in this case.

The order at issue required Sambuca to "amend its answers to Interrogatory Nos. 3, 4, 5, 6, and 7 to point to specific documents, by name or bates number, that, in Plaintiff's view, form the basis for Plaintiff's denial of the requests for admission at issue." Dkt. No. 189 at 22-23. The requests for admission at issue asked Sambuca to admit that it has no documents that reflect lost business or staff turnover due specifically to structural defects, plumbing problems, or odors or that reflect staff complaints about structural defects, plumbing problems, or odors or that reflect the labor costs incurred to specifically address structural defects, plumbing problems, or odors.

Sambuca contends that it complied by identifying all documents reflecting the subject of the referenced requests for admission and argues that the interrogatories in question do not seek documents that mention or refer to structural defects, plumbing problems, or odors but rather ask Sambuca to identify all of the reasons that it did not

-8-

admit one or more requests for admission. According to Sambuca, whether or not a document specifically uses the words "structural defects," "plumbing problems," or "odors" is not indicative of whether the document reflects lost business due specifically to structural defects, plumbing problems, or odors, and, accordingly, many of the identified documents do not contain the words "structural defects," "plumbing problems," or "odors" but do form the basis for Sambuca's denial of the referenced requests for admission.

Defendants clearly did not get what they wanted out of the amended answers to these four interrogatories. But Sambuca maintains that it has pointed to all of the documents that, in its view, form the basis for its denial of the requests for admission at issue – even if that may be a broader group of documents than Defendants would now prefer. That is all that the Court's order required and all that the interrogatories themselves required, where each of the two-part interrogatories could permissibly be answered by pointing to specific documents, pursuant to Rule 33(d), to identify all of the reasons that Sambuca did not admit the requests for admission at issue.

As to Sambuca's request for a Rule 37(a)(5) award of expenses, this is not a Rule 37(a) motion to compel but rather a Rule 37(b) motion for sanctions. While Rule 37(a)(5) provides that, if a motion to compel is denied, the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees," FED. R. CIV. P. 37(a)(5)(B), Rule 37(b)

contains no such "loser pays" fee-shifting provision. Sambuca's request for a Rule 37(a)(5) award of expenses is therefore denied.

## Conclusion

For the reasons explained above, the Court DENIES Defendants' Motion to Enforce Judge Horan's May 25, 2016 Order [Dkt. No. 211]. The parties will bear their own expenses, including attorneys' fees, in connection with the Motion to Enforce.

SO ORDERED.

DATED: July 27, 2016

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE